IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY E. W. McEVERS,

      Plaintiff,                      No. CIV S-06-2864 FCD JFM PS

    vs.

COUNTY OF SACRAMENTO, et al.,

      Defendants.                ORDER

_____/

        A status conference was held in this matter on August 23, 2007, at 11:00 a.m. in courtroom # 8. Plaintiff Harry McEvers appeared in propria persona. Jennifer Marquez appeared for defendants County of Sacramento, Lou Blanas and Mark Iwasa. Upon consideration of the status reports on file in this action, hearing from plaintiff and counsel and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

        On February 5, 2007, plaintiff filed a proof of service purporting to execute service of process on defendant Eisentrout by substituted service. Plaintiff attached an affidavit of reasonable diligence indicating that after three failed attempts to personally serve Ms. Eisentrout at the Sacramento County Sheriff's office, he accomplished substituted service on her by leaving a copy of the service documents with Cathy Pata, County Clerk, Board of Supervisors, 700 H Street, Sacramento, CA 95814, then mailing a copy of the same documents to Ms.

Eisentrout "at the above address." The affidavit does not make clear whether the documents were mailed to defendant Eisentrout in care of the Board of Supervisors or whether they were mailed to her at the County Sheriff's Office.

Substituted service may be accomplished at defendant's residence or place of business. Calif. Code of Civ. Proc. § 415.20.[1] Because plaintiff did not personally serve the documents at the Sacramento County Sheriff's Office or at defendant Eisentrout's home, the January 19, 2007 service of process was ineffective. In addition, plaintiff must specify the address where a copy of the documents were mailed to Ms. Eisentrout following the personal service at her usual place of business in order to accomplish substituted service of process.

However, the court may, in its discretion, extend the time for service of process "even without a showing of good cause." United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004)(citations omitted). See also Fed. R. Civ. P. 4(m) advisory committee's note (1993 amendments) (Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause" . . . and

---

[1] Section 415.20 states: [¶] (a) In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first- class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing. [¶] (b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

authorizes the court to relieve such failure "even if there is no good cause shown. . ."). Thus, plaintiff will be provided one final opportunity to accomplish service of process on defendant Eisentrout.[2] Plaintiff is cautioned that failure to effect service and file the requisite return of service with the court within the time specified will result in a recommendation that plaintiff's claims against defendant Eisentrout be dismissed. No further extensions of time will be granted.

Good cause appearing, the court will set a schedule for this case. Fed. R. Civ. P. 16(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted an extension of time in which to accomplish service of process on defendant Eisentrout. On or before October 10, 2007, plaintiff shall accomplish service of process on defendant Eisentrout and subsequently file proof of service in compliance with Federal Rule of Civil Procedure 4(l).

2. Exchange of information pursuant to Fed. R. Civ. P. 26(a) shall occur on or before September 23, 2007.

3. The parties shall exchange lists of expert witnesses no later than August 15, 2008. The parties are reminded of their obligation to supplement these disclosures when required under Fed. R. Civ. P. 26(e)(1).

4. Non-expert discovery shall be completed, and all motions pertaining to discovery shall be noticed to be heard, by June 20, 2008. Expert discovery shall be completed by October 17, 2008.

/////

---

[2] The court notes that Angela Eisentrout appeared in Case No. CIV S-06-2161 by answer filed July 26, 2007 by attorney Jesse M. Rivera. Plaintiff may wish to ask Ms. Eisentrout's attorney, Jesse Rivera, if he would accept service of process on Ms. Eisentrout's behalf based on her appearance in related case CIV S-06-2161. In her answer, Ms. Eisentrout "admits that she was a Deputy with the Sacramento County Sheriff's Department and was employed by the County of Sacramento." (Id., July 26, 2007 Answer at 3.) Mr. Rivera's phone number is (916) 922-1200.

5. Dispositive motions shall be noticed to be heard by December 19, 2008.

6. The pretrial conference is set for Thursday, February 12, 2009, at 1:30 p.m. in courtroom # 26.  Pretrial statements shall be filed pursuant to Local Rule 16-281.

7. Jury trial of this matter is set for Tuesday, May 19, 2009 at 9:00 a.m. in courtroom #2 before the Honorable Frank C. Damrell, Jr.  The parties shall file trial briefs pursuant to Local Rule 16-285.

8. The Clerk of the Court is directed to serve a copy of this order on Jesse M. Rivera, Moreno & Rivera, 1451 River Park Drive, Suite 145, Sacramento, California  95815.

DATED: August 23, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; mcevers.oasc