IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY E. W. McEVERS,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

No. CIV S-06-2864 FCD JFM PS

<u>ORDER AFTER HEARING</u>

<u>AND ORDER TO SHOW CAUSE</u>

/

    Defendant Angela Eisentrout's motion to dismiss came on regularly for hearing August 7, 2008. Plaintiff appeared in propria persona. Jonathan B. Paul made a special appearance on behalf of defendant Eisentrout. Jennifer Marquez appeared for defendants County of Sacramento, Lou Blanas and Mark Iwasa. Upon review of the motion and the documents in support, upon hearing the arguments of counsel and plaintiff and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    Plaintiff filed a certificate of service attesting to substituted service on defendant Eisentrout, accomplished February 4, 2008, by substituted service.

    Counsel for defendant Eisentrout objected to the proof of service, stating he had possession of a video surveillance tape demonstrating that the process server had not physically handed papers to "Jane Doe" as noted, but had folded the papers and left them in the door jamb. Counsel requested an evidentiary hearing in order to display the video surveillance tape and question the process server.

1    In response, plaintiff stated the process server had great difficulty locating
2 defendant Eisentrout.  Plaintiff maintained his position that defendant Eisentrout had been
3 properly served.
4    The court set an evidentiary hearing for August 21, 2008, at 11:00 a.m. before the
5 undersigned and ordered plaintiff McEvers and defendant Eisentrout to be present.  Counsel for
6 defendant Eisentrout was directed to ensure that his client and the process server appeared for the
7 evidentiary hearing.
8    Since the hearing, the court has reviewed the record in this case.  The instant
9 action is a civil rights action resulting from the suicide of Matthew McEvers while he was
10 incarcerated in the Sacramento County Jail.  Plaintiff is the father of Matthew McEvers.  On
11 March 7, 2007, this action was related to Case No. 06cv2161 FCD JFM, another civil rights
12 action resulting from the suicide of Matthew McEvers, and brought by the mother and children of
13 Matthew McEvers.  The legal theories involved are not just related but are, in fact, identical.
14    In Case No. 06cv2161 FCD JFM, there is no return acknowledging service of
15 process on defendant Eisentrout, but an answer was filed on her behalf on July 26, 2007.
16 Counsel joined in the joint status report filed January 18, 2008, and filed an opposition to a
17 pending motion on June 27, 2008.
18    The instant record reflects that plaintiff has been attempting to serve defendant
19 Eisentrout since February 5, 2007.  Given counsel's representation of defendant Eisentrout in the
20 related case based on identical facts and legal theories, this court finds that the law firm
21 representing defendant Eisentrout in Case No. 06cv2161 FCD JFM should be implicitly
22 authorized to accept service.  In re Focus Media, 387 F.3d 1077 (9th Cir. 2004).

> When a defendant takes an active role in a [bankruptcy] case and appears through counsel in a proceeding integrally related to the case, such counsel is implicitly authorized to receive process for the defendants.

26 In re Reisman, 139 B.R. 797 (S.D. N.Y. 1992); See also United States v. Bosurgi, 343 F.Supp.

1  815, 818 (D.C. N.Y. 1972)(finding implied authority to accept service of process in a dispute
2  over who had title to disputed funds, where the attorney for the party who was served had been
3  hired to determine the party's rights as to the money in question).
4          Moreover, this court may order service on an attorney who is not expressly or
5  impliedly authorized to accept service on behalf of a client, where such service appears to be a
6  means "reasonably calculated to give notice" within the meaning of Fed. R. Civ. P. 4(f)(3).  See,
7  e.g., BP Products North America, Inc. v. Dagra, 232 F.R.D. 263, 265 (E.D. VA 2005) (service on
8  defendant's counsel in unrelated case was ordered based on showing that defendant's
9  whereabouts were unknown, that he had been evading service and other attempted methods had
10 failed, but he was in communication with counsel on unrelated case.)  Here, counsel represents
11 defendant Eisentrout in an action based on the identical facts and legal theories presented in the
12 instant action.  Based on counsel's representation in the related action, defendant Eisentrout has
13 received notice of the civil rights claims based on the suicide of Matthew McEvers.  Defendant
14 Eisentrout will be directed to show cause why this court should not require counsel for defendant
15 Eisentrout to accept service of process on behalf of defendant Eisentrout in the instant action.
16         In addition, because the instant action involves a common question of fact and law
17 with related Case No. 06cv2161 FCD JFM, it may be appropriate to consolidate the two actions
18 under Fed. R. Civ. P. 42(a).  Rule 42(a) permits consolidation of "actions involving a common
19 question of law or fact."  Paxonet Communs., Inc. v. Transwitch Corp., 303 F.Supp.2d 1027,
20 1028-1029 (N.D.Cal.2003).  Once a common question has been established, "consolidation is
21 within the broad discretion of the district court."  Id. (internal quotations omitted.)  But "even
22 where cases involve some common issues of law or fact, consolidation may be inappropriate
23 where individual issues predominate."  See In re Consol. Parlodel Litig., 182 F.R.D. 441, 447
24 (D.N.J.1998). To determine whether to consolidate, the interest of judicial convenience is
25 weighed against the potential for delay, confusion, and prejudice caused by consolidation.  Id.
26 /////

(citing <u>Southwest Marine, Inc. v. Triple A Machine Shop, Inc.</u>, 720 F.Supp. 805, 807 (N.D.Cal.1989).)

Here, because it appears the interests of plaintiff Harry McEvers, father of the decedent, are identical to the interests of plaintiff Shannon McEvers, mother of the decedent, it appears appropriate to consolidate the two actions to avoid the possibility of disparate results. A scheduling order was issued in related Case No. 2:06cv2161 FCD JFM, and discovery does not close until March 27, 2009. Thus, no undue delay would result from said consolidation.

Good cause appearing, all parties will be directed to show cause, if any they may have, why the instant action should not be consolidated with related Case No. 2:06cv2161 FCD JFM. The Clerk of the Court will be directed to serve a copy of this order on counsel for plaintiff in related Case No. 2:06cv2161 FCD JFM, so he may also respond to the order to show cause.

Based on the above, the court will vacate the evidentiary hearing pending resolution of the instant order to show cause. Should defendant Eisentrout fail to show good cause why service of process on her counsel of record in related Case No. 2:06cv2161 FCD JFM should not be ordered, the court will issue findings and recommendations recommending the motion to dismiss be denied, and that plaintiff Harry McEvers may accomplish service of process by serving defendant Eisentrout's attorney of record in related Case No. 2:06cv2161 FCD JFM. If counsel demonstrates good cause, the evidentiary hearing will be rescheduled.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fifteen days, defendant Eisentrout shall show cause why this court should not require counsel for defendant Eisentrout to accept service of process on behalf of defendant Eisentrout in the instant action.

2. Within fifteen days, all parties shall show cause, if any they may have, why the instant action should not be consolidated with related Case No. 2:06cv2161 FCD JFM.

3. The Clerk of the Court is directed to serve a copy of this order on counsel for the Estate of Matthew McEvers, Stewart Lee Katz, Law Office of Stewart Katz, 555 University

4

1  Avenue, Suite 270, Sacramento, CA  95825.  Mr. Katz may also show cause, if any he may have,
2  within fifteen days from the date of this order, why the instant action should not be consolidated
3  with related Case No. 2:06cv2161 FCD JFM.
4             4.  The August 21, 2008 evidentiary hearing before the undersigned is vacated.
5  DATED:  August 8, 2008.

             _____
             UNITED STATES MAGISTRATE JUDGE

10 /001; mcevers.osc