IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY E. W. McEVERS,

    Plaintiff,                        No. CIV S-06-2864 FCD JFM PS

    vs.

COUNTY OF SACRAMENTO, et al.,      <u>ORDER AND</u>

    Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se.  On August 8, 2008, defendant Angela Eisentrout's counsel was directed to show cause why this court should not require counsel to accept service of process on behalf of defendant Eisentrout.  On August 25, 2008, counsel for defendant Angela Eisentrout filed a response stating that defendant Eisentrout would voluntarily appear in this action.  Defendant Eisentrout filed an answer on August 26, 2008.  Good cause appearing, the court will recommend that defendant Eisentrout's July 3, 2008 motion to dismiss be denied, and the August 8, 2008 order to show cause will be discharged.

        On August 8, 2008, all parties were directed to show cause why this action should not be consolidated with related Case No. 2:06cv2161 FCD JFM.  Defendants County of Sacramento, Lou Blanas, Mark Iwasa and Angela Eisentrout have filed responses indicating they are not opposed to consolidation. (Docket Nos. 42 & 43.)  Neither plaintiff nor Stewart Katz,

1

counsel for plaintiffs in Case No. 2:06cv2161 FCD JFM, have responded or objected to the proposed consolidation.

Federal Rule of Civil Procedure 42(a) provides that "when actions involving common questions of law or fact are pending before the court, it . . . may order all the actions consolidated[.]" Fed. R. Civ. P. 42(a).  The district court has "broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir.1989).  The purpose of consolidation is to avoid the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact. EEOC v. HBE Corp., 135 F.3d 543, 550 (8th Cir.1998).  To determine whether to consolidate, the interest of judicial convenience is weighed against the potential for delay, confusion, and prejudice caused by consolidation. Id. (citing Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F.Supp. 805, 807 (N.D.Cal.1989).)

As noted in this court's August 8, 2008 order, the instant action is a civil rights action resulting from the suicide of Matthew McEvers while he was incarcerated in the Sacramento County Jail.  Plaintiff Harry McEvers is the father of Matthew McEvers.  On March 7, 2007, this action was related to Estate of Matthew McEvers, et al., v. County of Sacramento, et al., Case No. 06cv2161 FCD JFM, another civil rights action resulting from the suicide of Matthew McEvers, which was brought by the mother and children of Matthew McEvers.

Here, because it appears the interests of plaintiff Harry McEvers, father of the decedent, are identical to the interests of plaintiff Shannon McEvers, mother of the decedent, it is appropriate to consolidate the two actions to avoid the possibility of disparate results.  A scheduling order was issued in related Case No. 2:06cv2161 FCD JFM, and discovery does not close until March 27, 2009.  Thus, no undue delay would result from said consolidation.

Good cause appearing, the court will recommend that the instant action be consolidated with related Case No. 2:06cv2161 FCD JFM.  The Clerk of the Court will be directed to serve a copy of this order on counsel in Case No. 2:06cv2161 FCD JFM and to add

1  Harry McEvers as a plaintiff in Case No. 2:06cv2161 FCD JFM. All future filings shall be filed
2  in Case No. 2:06cv2161 FCD JFM. The instant action will be administratively terminated.
3         Plaintiff Harry McEvers is cautioned that should the district court adopt the
4  instant findings and recommendations and consolidate this action with Case No. 2:06cv2161
5  FCD JFM, his action will proceed in Case No. 2:06cv2161 FCD JFM, and he is responsible for
6  meeting all deadlines associated with that case. The Clerk of the Court will be directed to serve
7  plaintiff Harry McEvers with a copy of the district court's March 18, 2008 scheduling order
8  issued in Case No. 2:06cv2161 FCD JFM. (Docket No. 33.)
9         Accordingly, IT IS HEREBY ORDERED that the August 8, 2008 order to show
10 cause is discharged;
11        IT IS RECOMMENDED that:
12        1. Defendant Eisentrout's July 3, 2008 motion to dismiss be denied (docket no.
13 35);
14        2. This action be consolidated with Estate of Matthew McEvers, et al., v. County
15 of Sacramento, et al., Case No. 06cv2161 FCD JFM;
16        3. All future filings shall be filed in 2:06cv2161 FCD JFM; the newly-
17 consolidated action will be governed by the district court's March 18, 2008 Status (Pretrial
18 Scheduling) Order. (Docket No. 33.)
19        4. The Clerk of the Court be directed to:
20        (a) Add plaintiff Harry E.W. McEvers as a plaintiff in Case No. 2:06cv2161 FCD
21 JFM;
22        (b) Serve a copy of this order on all counsel in Case No. 2:06cv2161 FCD JFM;
23        (c) Administratively terminate the instant action, Case No. 2:06cv2864 FCD
24 JFM; and
25 /////
26 /////

3

1         (d)  Serve plaintiff Harry McEvers with a copy of the district court's March 18,
2 2008 scheduling order issued in Case No. 2:06cv2161 FCD JFM.  (Docket No. 33.)
3         These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
8 failure to file objections within the specified time may waive the right to appeal the District
9 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 DATED:  September 8, 2008.

                              UNITED STATES MAGISTRATE JUDGE

/001; mcevers.con